IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COX COMMUNICATIONS, INC.,
a Delaware corporation,

   Plaintiff,

     v.

NATIONAL Union Fire Insurance Co.
of Pittsburgh, PA, a Pennsylvania
corporation,

   Defendant.

CIVIL ACTION FILE
NO. 1:09-CV-410-TWT

ORDER

This is a breach of contract action arising out of an insurance coverage dispute. It is before the Court on the Defendant's Motion for Reconsideration [Doc. 55]. For the reasons set forth below, the Court DENIES the Defendant's Motion for Reconsideration [Doc. 55].

I. Background

In March 2000, representatives of At Home Corporation, Cox Communications, Inc., Comcast, and AT&T, Inc. negotiated several agreements regarding At Home's corporate structure (the "March 2000 Agreements"). During these negotiations, David Woodrow served as Cox's representative on At Home's board of directors. In May

2000, At Home shareholders filed two actions for breach of fiduciary duty against Woodrow, Cox, Comcast, AT&T, and other defendants involved in the March 2000 Agreements (the "San Mateo Actions").  On June 15, 2000, At Home gave notice of the San Mateo Actions under an insurance policy issued by National Union Fire Insurance Co. (the "At Home Policy").  The At Home Policy provided coverage from July 8, 1999 through July 8, 2000.  Although At Home, Comcast, and AT&T gave notice of the San Mateo Actions, Cox did not timely report these actions.

In 2002, At Home filed for bankruptcy.  The bankruptcy court appointed a Bondholders Committee to prosecute any actions arising from the March 2000 Agreements.  On September 10, 2002, the bankruptcy court granted the Bondholders Committee's motion to enjoin prosecution of the San Mateo Actions.  With the injunction in place, the Bondholders Committee filed an action arising from the March 2000 Agreements against Woodrow, Cox, Comcast, and other defendants (the "Bondholders Action").  On October 16, 2002, Cox gave notice of the Bondholders Action under an insurance policy issued by National Union for the period January 1, 2002 through January 1, 2003 (the "Cox Policy").  Cox settled the Bondholders Action for $40 million, paid on behalf of itself and Woodrow.  Cox then filed this Complaint against National Union seeking to recover its policy limit of $30 million under the Cox Policy [Doc. 1].

National Union then moved for summary judgment as to Cox's claims involving the Bondholders Action [Doc. 26]. The Defendant argued that the Plaintiff's claim was barred by a prior notice provision in the Cox Policy. On April 9, 2010, the Court denied the Defendant's motion [Doc. 54]. On May 7, 2010, National Union filed a Motion for Reconsideration [Doc. 55]. In its motion, the Defendant relies upon Axis Reinsurance Co. v. HLTH Corp., 993 A.2d 1057 (Del. 2010). The Delaware Supreme Court decided Axis after this Court denied summary judgment. National Union contends that the holding and reasoning in Axis are cause for reconsideration.

## II.  Motion for Reconsideration Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment. See FED. R. CIV. P. 59(e). "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Group Corp., 753 F.2d 862, 866 (11th Cir. 1984)). The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." L.R. 7.2E. A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice." Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994). Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

III. Discussion

To prevail on a motion for reconsideration, the Defendant must show an intervening change in controlling caselaw, the availability of new evidence, or clear error by this Court. Godby, 1994 WL 470220, at *1. Here, National Union does not argue that any new evidence is available. Thus, the Court will address only the other two grounds for reconsideration. First, the Defendant has not produced any intervening *controlling* caselaw. National Union urges the Court to consider Axis Reinsurance Co. v. HLTH Corp., 993 A.2d 1057 (Del. 2010), a case decided after this Court denied summary judgment. In Axis, the Delaware Supreme Court addressed facts similar to those presented here. Axis, however, applied Delaware contract law. Georgia law governs this case. Further, Axis upheld a decision issued by the Delaware Superior Court. See HLTH Corp. v. Clarendon Nat'l Ins. Co., No. 07C-09-102, 2009 WL 2849779 (Del. Super. Aug. 31, 2009). This Court considered and declined to follow the lower court's ruling in denying the Defendant's Motion for Summary Judgment. [See Doc. 54 at 14]. Thus, Axis is not a change in controlling caselaw.

Second, the Defendant has not shown that this Court committed clear error by denying the Defendant's Motion for Summary Judgment. "An error is clear only when the legal issues are inarguable." Robbins v. Scana Energy Mktg., Inc., No. 08-

CV-640, 2008 WL 7724172, at *1 (N.D. Ga. July 30, 2008). Further, a motion to reconsider should be denied where the "error . . . committed is not the sort of clear and obvious error which the interests of justice demand that [the court] correct." American Home Assurance, 763 F.2d at 1239.

Here, the Defendant does not contend that this Court overlooked or misinterpreted any argument, statute, or legal authority. Rather, National Union argues that the reasoning in Axis is superior to this Court's reasoning. Specifically, the Defendant notes that the Delaware Supreme Court found the term "succeeds in time" to be plain and unambiguous. See Axis, 993 A.2d at 1065. This Court, however, carefully addressed the meaning of "succeeds in time" and found that the phrase is "so broad that it creates ambiguity." [Doc. 54 at 12]. The Court then interpreted "succeeds in time" under Georgia contract law. [See Doc. 54 at 12-13]. Even if this interpretation was erroneous, it "is not the sort of clear and obvious error which the interests of justice demand that [the court] correct." American Home Assurance, 763 F.2d at 1239.

Indeed, the Defendant's insistence on Axis merely "[repackages] familiar arguments to test whether the Court will change its mind." Brogdon, 103 F. Supp. 2d at 1338. Although the Axis court found these arguments persuasive, this Court did not. If anything, the Delaware Supreme Court's decision shows that the legal issues

in this case are arguable. Thus, <u>Axis</u> represents neither controlling precedent nor evidence of clear error. For these reasons, the Defendant's Motion for Reconsideration is denied.

## IV.  Conclusion

For the reasons set forth above, the Court DENIES the Defendant's Motion for Reconsideration [Doc. 55].

SO ORDERED, this 7 day of December, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge